IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02762-BNB

GREGGORY WADE OLIVER,

      Applicant,

v.

ARISTEDES ZAVARAS, Executive Director, Colorado Department of Corrections,

      Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Greggory Wade Oliver, is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Arkansas Valley Correctional Facility in Crowley, Colorado. Mr. Oliver has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. #1) and a Brief in Support of Jurisdiction (Doc. #2) challenging the computation of his prison sentences. On November 17, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those defenses in this action. On December 8, 2010, Respondent filed a Preliminary Response (Doc. #6) arguing that this action is untimely. On January 5, 2011, Mr. Oliver filed a reply (Doc. #7) conceding that the instant action is time-barred in the absence of equitable tolling and arguing that the one-year limitation period should be tolled for equitable reasons.

On January 14, 2011, Magistrate Judge Boland entered an order allowing

Respondent to file a supplement to the Preliminary Response that addresses Mr.

Oliver's equitable tolling argument.  On February 3, 2011, Respondent filed a

Supplemental Response (Doc. #9).  On February 28, 2011, Mr. Oliver filed a Reply to

Respondent's Supplemental Response (Doc. #10).

The Court must construe the application and other papers filed by Mr. Oliver

liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S.

519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However,

the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

For the reasons stated below, the Court will dismiss the action.

Mr. Oliver alleges that he is serving two consecutive Colorado sentences that

total twenty-eight years in prison and he is challenging the DOC's computation of those

sentences in this action.  He specifically contends that the DOC improperly has

calculated both his parole eligibility date and his mandatory release date in violation of

state law and the federal constitution.

Mr. Oliver challenged the computation of his sentences in state court by filing a

petition for writ of habeas corpus.  The parties agree that the state habeas petition was

denied on January 23, 2008; that Mr. Oliver appealed the denial of the state habeas

petition; and that the Colorado Supreme Court affirmed the denial of the state habeas

petition on December 3, 2008.  The instant action was filed on November 12, 2010.

Respondent argues that this action should be dismissed as barred by the one-

year limitation period in 28 U.S.C. § 2244(d), which applies to § 2241 actions

challenging the execution of a state sentence.  *See Dulworth v. Evans*, 442 F.3d 1265,

1268 (10th Cir. 2006); **Burger v. Scott**, 317 F.3d 1133, 1138 (10th Cir. 2003).  Section

2244(d) specifically provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent argues, and Mr. Oliver does not dispute, that commencement of the

one-year limitation period in this action is governed by § 2244(d)(1)(D), which provides

that the one-year limitation period does not begin to run until "the date on which the

3

factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The parties apparently also agree that the one-year limitation period did not begin to run until December 3, 2008, when the Colorado Supreme Court affirmed the denial of the state habeas petition. Although the one-year limitation period likely was tolled pursuant to § 2244(d)(2) while the proceedings regarding Mr. Oliver's state habeas petition were pending in state court, it is not clear precisely when Mr. Oliver discovered, or could have discovered through the exercise of due diligence, the factual predicate for his claims in this action. He obviously was aware of the factual predicate for his claims at the time he filed the state habeas petition in which he allegedly raised those claims. However, Respondent does not argue that the one-year limitation period began to run prior to the filing of the state habeas petition. Therefore, the Court, like the parties, will focus on the time after December 3, 2008, when the state court habeas proceedings concluded. As a result, in the absence of any additional tolling, the one-year limitation period expired on December 3, 2009. Mr. Oliver concedes that this action was filed approximately eleven months after December 3, 2009, and that this action is untimely unless the one-year limitation period is tolled for equitable reasons beyond December 3, 2009.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *see also Titsworth v. Mullin*, 2011 WL 489775 at n.10 (10th Cir. February 14, 2011) (unpublished) (noting that a number of Tenth Circuit cases have applied equitable tolling in § 2241 actions even though the Tenth Circuit has not expressly held that equitable tolling applies in § 2241 actions). Generally, equitable

tolling is appropriate if Mr. Oliver shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Equitable tolling also may be appropriate if an inmate actually is innocent or if an inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, in order to demonstrate he pursued his claims diligently, Mr. Oliver must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Oliver argues that equitable tolling is appropriate in this action based on "being told of his possible Cancer, the subsequent testing, evaluation, and diagnosis of actual prostate cancer; its treatment and aftercare." (Doc. #10 at p.2.) According to Mr. Oliver's chronological history of his prostate cancer in his reply (Doc. #10) filed on February 28, 2011, he first was advised of warnings consistent with the possibility of prostate cancer in June 2008; he was subjected to various medical tests for a number of months until a biopsy in December 2008 resulted in a diagnosis of prostate cancer[1]; he was not informed of the biopsy results until April 2009; the prostate cancer was treated with cryoablation on October 9, 2009; he was admitted to a prison infirmary following the cryoablation treatment until October 19, 2009; he had a suprapubic catheter from

---

[1]Respondent asserts that Mr. Oliver was diagnosed with prostate cancer by biopsy in February 2009.

October 9, 2009, until December 1, 2009; he was on medical "lay-in" status for over two months following the cryoablation treatment; he experienced further complications following removal of the suprapubic catheter; a foley catheter was put in place in February 2010; he continued to experience problems with the foley catheter; he remained on antibiotics until June 27, 2010; and he has been seen twice since June 25, 2010, for aftercare relevant to his prostate cancer. Mr. Oliver asserted in his original reply that, due to his prostate cancer and complications, he "was unable to return to a level of normalcy until about July of 2010." (Doc. #7 at p.2.)

Respondent has submitted an affidavit from Dr. Paula Frantz, the Chief Medical Officer of the DOC, in support of the contention that Mr. Oliver is not entitled to equitable tolling because he "was not incapacitated or prevented from filing this action due to exceptional circumstances during the one-year statute of limitations period following the Colorado Supreme Court's December 3, 2008 ruling." (Doc. #9 at p.6.) According to Respondent,

> [t]hough he had a number of "daytrips" outside of the facilities where he was incarcerated, as well as an approximate week-long transfer to a medical facility apparently for the biopsy, there were no other prolonged hospital stays during the statute of limitations period prior to the October 9, 2009 cryoablation treatment. The Affidavit of Dr. Frantz shows that Oliver's medical records contain no indication that Oliver was in acute distress or in any way incapacitated in the time period prior to his treatment for prostate cancer on October 9, 2009. Further, Oliver maintained a prison job for much of time [sic] prior to his treatment in October of 2009, as well as afterward.
>
> As to the period following Oliver's October 9, 2009 treatment, Dr. Frantz explained that from a medical standpoint, after a two-week recovery period following the treatment on October 9, 2009, Oliver would have been

6

> expected to participate in prison programs and return to
> work.  Dr. Frantz indicated that a person in Oliver's position
> in the private community would be expected to continue to
> work and perform usual activities during all but a very limited
> amount of time following the prostate biopsy and the
> cryoablation and placement of the suprapubic catheter.  As a
> result, in Dr. Frantz's professional opinion, Oliver's prostate
> cancer would not have prevented him from completing legal
> paperwork or from filing litigation during 2009 and 2010.

(Doc. #9 at pp.6-7 (citations omitted).)

The Court finds that, at least with respect to the period of time from December 3, 2008, when the state habeas proceedings concluded, until October 9, 2009, when Mr. Oliver received the cryoablation treatment for his prostate cancer, Mr. Oliver fails to demonstrate either that he was pursuing his rights diligently or the existence of any extraordinary circumstances that prevented him from filing in a timely manner.  *See Pace*, 544 U.S. at 418.  Whatever distress Mr. Oliver may have experienced as a result of undergoing a biopsy and other medical testing to determine whether he had prostate cancer and ultimately receiving a diagnosis of prostate cancer does not rise to the level of rare and extraordinary circumstances necessary to justify equitable tolling.  Although mental incompetency may justify equitable tolling of the one-year limitation period, *see McCall v. Wyoming Attorney General*, 339 F. App'x 848, 850 (10th Cir. 2009), Mr. Oliver concedes that he "was not 'incapacitated' upon finding out about having cancer." (Doc. #10 at p.12.)  Mr. Oliver's occasional daytrips for medical appointments also are not a rare and extraordinary circumstance that justifies equitable tolling.  *See Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (finding that a brief period of incapacity does not necessarily warrant equitable tolling).  Therefore, the Court finds that the

approximately ten-month period from December 3, 2008, until October 9, 2009, counts against the one-year limitation period.

With respect to the period of time after Mr. Oliver's cryoablation treatment on October 9, 2009, Mr. Oliver's argument in favor of equitable tolling is stronger, and he may be entitled to equitable tolling for at least some portion of that time.  However, even accepting that equitable tolling of the one-year limitation period is appropriate beginning on October 9, 2009, Mr. Oliver concedes that he returned to a level of normalcy in July 2010.  Because ten months of the one-year limitation period already had run prior to October 9, 2009, only two months remained when Mr. Oliver returned to normalcy in July 2010.  Therefore, even assuming that the one-year limitation period was tolled from October 9, 2009, until July 2010, the remaining two months of the one-year limitation period ran, and the one-year limitation period expired, before Mr. Oliver filed the instant action on November 12, 2010.

In conclusion, Mr. Oliver concedes that the instant action is untimely in the absence of equitable tolling and he fails to demonstrate that equitable tolling is even arguably appropriate for any period of time other than the period from October 9, 2009, until July 2010, which, as discussed above, is not enough time to make this action timely.  As a result, the instant action must be dismissed as barred by the one-year limitation period.  Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __5th__ day of ___April_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02762-BNB

Greggory Wade Oliver
Prisoner No.  63284
Arkansas Valley Correctional Facility
PO Box 1000 Crowley, CO 81034

      I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 5, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                          Deputy Clerk